KNIGHT & RYAN
Scott A. Knight, Esq. #9083
scott@knightryan.com
Robert A. Ryan, Esq. #12084
robert@knightryan.com
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Telephone: (702) 462-6083
Facsimile: (702) 462-6084
*Attorneys for Defendant, Dan Golden*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BIBTE MINING, INC., a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DAN GOLDEN, an individual, and individual DOES 1 through 10 and corporate ROES 1 through 10,<br><br>Defendants. | Case No.: 2:21-cv-01508-JCM-VCF<br><br>**STIPULATION AND [PROPOSED] ORDER TO AMEND ANSWER** |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Local Rule 15-1 of the Local Rules of Practice for the United States District Court for the District of Nevada, Defendant, Dan Golden ("Mr. Golden") and Plaintiff, BIBTE MINING, INC. ("Bibte") by and through their undersigned counsel hereby stipulate and agree that Mr. Golden may file an Amended Answer and Counterclaims in substantially the same form attached hereto as Exhibit A.

…

…

…

…

…

By entering into this stipulation, neither party waives any rights or defenses to the Complaint and/or the Amended Answer and Counterclaim. Each party specifically reserves all rights.

The parties further stipulate that Plaintiff shall have until September 30, 2021 to respond to the counterclaims.

DATED September 2, 2021.

*/s/Peter E. Dunkley*
J. William Ebert, Esq. #2697
Lisa J. Zastrow, Esq. #9727
Peter E. Dunkley, Esq. #11110
LIPSON NEILSON, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144

*Attorneys for Plaintiff,*
*Bibte Mining, Inc.*

DATED September 2, 2021

*/s/Robert A. Ryan*
Scott A. Knight, Esq. #9083
Robert A. Ryan, Esq. #12084
KNIGHT & RYAN, PLLC
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052

*Attorneys for Defendant, Dan Golden*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 9-3-2021

# Exhibit A

# Exhibit A

# Exhibit A

KNIGHT & RYAN
Scott A. Knight, Esq. #9083
scott@knightryan.com
Robert A. Ryan, Esq. #12084
robert@knightryan.com
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
Telephone: (702) 462-6083
Facsimile: (702) 462-6084
*Attorneys for Defendant Dan Golden*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BIBTE MINING, INC., a Nevada limited liability company,<br><br>      Plaintiff,<br><br>vs.<br><br>DAN GOLDEN, an individual, and individual DOES 1 through 10 and corporate ROES 1 through 10,<br><br>      Defendants.<br><hr>DAN GOLDEN, an individual,<br><br>      Counterclaimant,<br><br>Vs.<br><br>BIBTE MINING, INC., a Nevada limited liability company, EUGENE DONLAN, an individual, RICK WILLARD, an individual;<br><br>      Counterdefendants. | Case No.: 2:21-cv-01508-JCM-VCF<br><br>**DEFENDANT, DAN GOLDEN'S FIRST AMENDED ANSWER AND COUNTERCLAIMS** |

Defendant, Dan Golden ("Mr. Golden"), by and through his counsel of record hereby files his amended answer to Plaintiff, Bibte Mining, Inc.'s ("Bibte") Complaint as follows:

. . .

. . .

Page 1 of 17

**PARTIES AND JURISDICTION**

1. Answering paragraph 1 of the Complaint, Mr. Golden admits the allegations therein.

2. Answering paragraph 2 of the Complaint, Mr. Golden admits the allegations therein.

3. Answering paragraph 3 of the Complaint, Mr. Golden is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and on that basis, denies the allegations therein.

4. Answering paragraph 4 of the Complaint, the allegations therein call for a legal conclusion and therefore, Mr. Golden need not respond to the allegations contained in paragraph 4. To the extent any of the allegations of paragraph 4 may be construed as factual allegations, Mr. Golden is without sufficient information to either admit or deny the allegations contained in paragraph 4 and on that basis, denies the allegations therein.

**GENERAL ALLEGATIONS**

5. Answering paragraph 5 of the Complaint, Mr. Golden repeats and realleges his responses to the foregoing paragraphs as if fully set forth herein.

6. Answering paragraph 6 of the Complaint, the allegations therein call for a legal conclusion and therefore, Mr. Golden need not respond to the allegations contained in paragraph 6. To the extent any of the allegations of paragraph 6 may be construed as factual allegations, Mr. Golden denies the allegations therein.

7. Answering paragraph 7 of the Complaint, Mr. Golden denies the allegations contained therein.

8. Answering paragraph 8 of the Complaint, Mr. Golden denies the allegations contained therein.

. . .



1  9. Answering paragraph 9 of the Complaint, Mr. Golden denies the allegations contained therein.

2  10. Answering paragraph 10 of the Complaint, Mr. Golden denies the allegations contained therein.

3  11. Answering paragraph 11 of the Complaint, Mr. Golden denies the allegations contained therein.

4  12. Answering paragraph 12 of the Complaint, Mr. Golden denies the allegations therein.

5  13. Answering paragraph 13 of the Complaint, Mr. Golden denies the allegations therein.

### FIRST CLAIM FOR RELIEF

### (Trespass)

14. Answering paragraph 14 of the Complaint, Mr. Golden repeats and realleges his responses to the foregoing paragraphs as if fully set forth herein.

15. Answering paragraph 15 of the Complaint, Mr. Golden admits there was prior litigation in Clark County with Bibte, but denies all remaining allegations contained in paragraph 15, including any inference that Bibte has valid "Mining Claims."

16. Answering paragraph 16 of the Complaint, Mr. Golden denies the allegations contained therein.

17. Answering paragraph 17 of the Complaint, Mr. Golden denies the allegations contained therein.

18. Answering paragraph 18 of the Complaint, Mr. Golden denies the allegations contained therein.

19. Answering paragraph 19 of the Complaint, Mr. Golden denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

### (Conversion)

20. Answering paragraph 20 of the Complaint, Mr. Golden repeats and realleges his responses to the foregoing paragraphs as if fully set forth herein.

21. Answering paragraph 21 of the Complaint, Mr. Golden denies the allegations contained therein.

22. Answering paragraph 22 of the Complaint, Mr. Golden denies the allegations contained therein.

23. Answering paragraph 23 of the Complaint, Mr. Golden denies the allegations contained therein.

24. Answering paragraph 24 of the Complaint, Mr. Golden denies the allegations contained therein.




25. Answering paragraph 25 of the Complaint, Mr. Golden denies the allegations contained therein.

26. Answering paragraph 26 of the Complaint, Mr. Golden denies the allegations contained therein.

## THIRD CLAIM FOR RELIEF

### (Injunction)

27. Answering paragraph 27 of the Complaint, Mr. Golden repeats and realleges his responses to the foregoing paragraphs as if fully set forth herein.

28. Answering paragraph 28 of the Complaint, Mr. Golden denies the allegations contained therein.

29. Answering paragraph 29 of the Complaint, Mr. Golden denies the allegations contained therein.

. . .

1  30. Answering paragraph 30 of the Complaint, Mr. Golden denies the allegations
2  therein.

### FOURTH CLAIM FOR RELIEF

**(Accounting and Damages)**

31. Answering paragraph 31 of the Complaint, Mr. Golden repeats and realleges his responses to the foregoing paragraphs as if fully set forth herein.

32. Answering paragraph 32 of the Complaint, Mr. Golden denies the allegations therein.

33. Answering paragraph 33 of the Complaint, Mr. Golden denies the allegaitons therein.

34. Answering paragraph 34 of the Complaint, Mr. Golden denies the allegations therein.



### FIFTH CLAIM FOR RELIEF

**(Declaration regarding void claims as expunction of same)**

35. Answering paragraph 35 of the Complaint, Mr. Golden repeats and realleges his responses to the foregoing paragraphs as if fully set forth herein.

36. Answering paragraph 36 of the Complaint, Mr. Golden denies the allegations therein.

37. Answering paragraph 37 of the Complaint, the allegations therein call for a legal conclusion and therefore, Mr. Golden need not respond to the allegations contained in paragraph 37. To the extent any of the allegations of paragraph 37 may be construed as factual allegations, Mr. Golden denies the allegation therein.

### AFFIRMATIVE DEFENSES

1. Bibte's SAC fails to state a claim upon which relief can be granted.

. . .

2. Bibte's claims for relief are barred by the doctrine of estoppel.

3. Bibte's claims for relief are barred by the doctrine of laches.

4. Bibte is estopped by its own conduct from asserting the allegations in the Complaint.

5. If the conduct of Mr. Golden is found to have been wrongful, which Mr. Golden has denied and continues to deny, then Bibte's claims are barred by the doctrine of unclean hands.

6. Bibte is barred by res judicata from asserting the allegation in the Complaint.

7. Bibte's claims are barred under the doctrine of fraud.

8. Bibte's claims are barred by the statute of frauds.

9. Bibte's claims are barred by the doctrine of release.

10. Bibte is precluded from recovery under the doctrine of payment.

11. Bibte is precluded from recovery as set forth in the SAC under the doctrine of waiver and the applicable statute of limitations and repose.

12. Mr. Golden acted at all times in good faith and in accordance with his contractual and/or legal rights and in conformity with all applicable laws and regulations and therefore did not act improperly.

13. Mr. Golden hereby incorporates those defenses enumerated in Fed. R. Civ. P. 8(c) for the specific reason of not waiving the same.

14. Pursuant to Fed. R. Civ. P. 15, as amended, all possible affirmative defense may not have been alleged herein insofar as sufficient facts are not available after reasonable inquiry upon the filing of the Complaint, and therefore, Mr. Golden reserves the right to amend this Answer to add additional affirmative defenses as additional facts are discovered.

WHEREFORE, Mr. Golden prays for relief as follows:

1. That Bibte take nothing by way of its Complaint herein.

2. That Mr. Golden be awarded his attorneys' fees and costs incurred in defending against the Complaint; and

. . .

3. That Mr. Golden be awarded such other and further relief as the Court deems appropriate in the premises.

### COUNTERCLAIM

Counterclaimant, Mr. Golden, by and through his attorneys of record, hereby alleges the following Counterclaims.

### PARTIES AND JURISDICTION

1. Mr. Golden was and is at all relevant times hereto an individual and resident of the State of California.

2. Bibte was and is at all relevant times hereto, a Nevada limited liability company authorized to conduct and conducting business in the State of Nevada.

3. Upon information and belief, Eugene Donlan ("Mr. Donlan") was and is at all relevant times hereto an individual and resident of the State of Nevada and/or had sufficient minimum contacts with the State of Nevada to subject him to the jurisdiction of this Court.

4. Upon information and belief, Rick Willard ("Mr. Willard") was and is at all relevant times hereto an individual and resident of the State of Nevada and/or had sufficient minimum contacts with the State of Nevada to subject him to the jurisdiction of this Court.

5. This Court has subject matter jurisdiction over these claims pursuant to 28 USC § 1332(a) because Mr. Golden is a resident of the State of California, all Defendants are residents of the State of Nevada for purposes of diversity jurisdiction, and Mr. Golden seeks damages in excess of $75,000.00.

### GENERAL ALLEGATIONS

6. Mr. Golden has unpatented lode mining claims located in Clark County and entitled: Lucky Jim, One for All, and Off and Running (the "Golden Mining Claims").

7. The Golden Mining Claims are properly registered with the Bureau of Land Management ("BLM") as NMC Nos. 964836, 964837, 964838, respectively.

8. Mr. Golden originally located the Golden Mining Claims in April of 2007.

9. Upon locating the Golden Mining Claims, Mr. Golden filed the appropriate notices with the BLM.

10. Shortly after locating the Golden Mining Claims, Mr. Golden began taking and selling materials from the Golden Mining Claims sites and selling those materials on his website www.goldennevalite.com.

11. Additionally, Mr. Golden properly erected a monument at each site and posted the appropriate notices required by NRS 517.010, and the monument complied with all requirements of NRS 517.030.

12. Mr. Golden then prepared maps and documents in an effort to record those claims with the Clark County Recorder's Office.

13. However, between 2007-2018, the Clark County Recorder's Office refused to accept these maps and recordings and insisted that filing with the BLM was all that was required of Mr. Golden.

14. Mr. Golden continued to take and sell materials from the Golden Mining Claims and to comply with all other necessary legal requirements to hold and maintain the Golden Mining Claims.

15. In 2017, Mr. Willard visited the www.goldennevalite.com website and found the materials sold by Mr. Golden.

16. After visiting the site, Mr. Willard contacted Mr. Golden to inquire about the materials and requested that Mr. Golden show Mr. Willard the mining site(s) where the materials were found.

17. On March 2, 2017, Mr. Golden took Mr. Willard to the Golden Mining Claims to show him the site. They spent the entire day at the site.

18. Two days later, Mr. Willard placed an order for 40 lbs. of material.

1    19.    Mr. Willard is a chemist who uses the material from Mr. Golden and the Golden
2  Mining Claims to develop pet wellness products that, upon information and belief, he sells for a
3  substantial profit.

4    20.    Due to the uniqueness of Mr. Golden's material, Mr. Willard told Mr. Golden that
5  he wanted to partner with Mr. Golden for the ownership of the Golden Mining Claims to help with
6  development of Mr. Willard's pet wellness products.

7    21.    Based upon these representations, Mr. Golden continued to supply more materials
8  to Mr. Willard from the Golden Mining Claims.

9    22.    In furtherance of the alleged partnership, Mr. Willard introduced Mr. Golden to Mr.
10 Donlan.

11   23.    Mr. Donlan had experience surveying properties and informed Mr. Golden that he
12 would assist Mr. Golden with preparing and recording the proper documents with the Clark County
13 Recorder's Office.

14   24.    Based upon these representations, in May of 2017, Mr. Golden sent Mr. Donlan a
15 map to show Mr. Donlan the location of the Golden Mining Claims.

16   25.    Upon information and belief, Mr. Willard and Mr. Donlan never intended to enter
17 into a partnership with Mr. Golden on the Golden Mining Claims.

18   26.    Instead, upon information and belief, Mr. Willard and Mr. Donlan sought to
19 discover the location of the valuable materials and file their own mining claims at the site.

20   27.    Meanwhile, Mr. Golden continued to seek to record the Golden Mining Claims with
21 the Clark County Recorder's Office.

22   28.    Finally, on May 10, 2018, Mr. Golden recorded his Affidavit and Notice of Intent
23 to Hold Mining Claims and Sites with the Clark County Recorder's Office as Instrument No.
24 20180510-0001713.

25 . . .

29. At the time that Mr. Golden recorded his Affidavit and Notice of Intent to Hold Mining Claims and Sites with the Clark County Recorder's Office, the Clark County Recorder's Office apologized to Mr. Golden for years of misinformation and honored his properly located and mapped claims.

30. Mr. Golden has and continues to file the annual Affidavit and Notice of Intent to Hold Mining Claims for the years 2019, 2020 and 2021.

31. Mr. Golden has and continues to comply with all requirements of state and federal law that allow him to properly maintain the Golden Mining Claims.

32. Meanwhile, having been shown the location of the mines from Mr. Golden, Mr. Donlan and Mr. Willard formed Bibte with the purpose of filing their own mining claims, some of which overlap with the Golden Mining Claims.

33. Specifically, Bibte filed approximately 10 separate claims with the BLM.

34. First, in June of 2017, Bibte filed a lode claim named M4PH-1, which is registered with the BLM as NMC No. 1145575 ("Bibte Claim 1").

35. Bibte Claim 1 is located west of the Golden Mining Claims and does not overlap the Golden Mining Claims.

36. In August of 2017, Bibte filed three more lode claims known as Bibte-2, Bibte-3 and Bibte-4, all registered with the BLM and bearing NMC No. 1149252 (the "Bibte Abandoned Claims").

37. The Bibte Abandoned Claims originally overlapped with the Golden Mining Claims. However, Bibte decided not to renew the Bibte Abandoned Claims in 2019. As such, the Bibte Abandoned Claims have since expired and no longer show up on the BLM's register.

38. Then, in September of 2018, Bibte filed three more lode claims known as Bibte-5, Bibte-6 and Bibte-7, which are registered with the BLM as NMC No. 1178886 ("Bibte Claims 5-7").

Page 10 of 17

39. Like Bibte Claim 1, Bibte Claims 5-7 are also located due west of the Golden Mining Claims and do no overlap with the Bibte Mining Claims.

40. Finally, in November of 2018, Bibte filed three new lode claims known as Bibte-8, Bibte-9 and Bibte-10, which are all registered with the BLM as NMC No. 1181081 ("Bibte Claims 8-10").

41. Bibte Claims 8-10 are in the precise location that Bibte-2, Bibte-3 and Bibte-4 were originally located. In other words, Bibte Claims 8-10 have replaced the Bibte Abandoned Claims.

42. On November 2, 2018, Bibte filed its own Certificate of Location of Mining Claim with the Clark County Recorder's Office as Instrument No. 20181102-0002354, for Bibte Claims 8-10.

43. Despite filing 10 separate claims with the BLM, Bibte did not comply with all requirements of Nevada law when making Bibte Claim 1, the Bibte Abandoned Claims, Bibte Claims 5-7 and Bibte Claims 8-10 (collectively the "Bibte Mining Claims").

44. Specifically, Bibte did not erect any monuments for its claims, did not place the proper information related to its claims at the location and did not prepare the proper notices as required by NRS 517.010 and NRS 517.030.

45. As a result of Bibte's failure to comply with NRS 517.010 and NRS 517.030, the Bibte Mining Claims are void.

46. More importantly, even if the Bibte Mining Claims were not void due to non-compliance with NRS 517.010 and NRS 517.030, Mr. Golden has superior claims over Bibte Claims 8-10 (i.e. the only remaining claims that overlap with the Golden Mining Claims) because Mr. Golden located and recorded the Golden Mining Claims before Bibte located and recorded Bibte Mining Claims 8-10.

. . .

. . .

47. In fact, in September of 2020, the BLM sent a letter to Bibte specifically advising Bibte that the Golden Mining Claims remain valid and refusing to void the Golden Mining Claims despite Bibte's request that the BLM do so.

48. Notwithstanding this letter, Bibte continues to send agents to the site of the Golden Mining Claims and illegally extract materials and otherwise interfere with the Golden Mining Claims.

49. This illegal extraction and interference have caused and continue to cause damage to Mr. Golden in an amount in excess of $75,000.00.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief – against Bibte)**

50. Mr. Golden repeats and realleges all the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.



51. NRS 30.040(1) provides that "Any person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder."

52. A declaratory judgment is appropriate where there exists a justiciable controversy between two parties concerning the rights, status, or legal relationship of those parties under a contract, statute, or other writing.

53. As set forth herein, an actual justiciable controversy has arisen between Mr. Golden, on the one hand, and Bibte on the other hand, concerning whether the Bibte Mining Claims are void for failure to comply with federal and state law in locating and maintaining the claims.

. . .

. . .

54. Additionally, an actual justiciable controversy has arisen between Mr. Golden on the one hand, and Bibte on the other hand, concerning whether the Golden Mining Claims are superior to the Bibte Mining Claims under federal and state law.

55. Mr. Golden is entitled to a declaration that the Bibte Mining Claims are void for failure to comply with federal and state law.

56. Mr. Golden is also entitled to a declaration that the Golden Mining Claims are superior to the Bibte Mining Claims as they were located and recorded first.

57. Mr. Golden has been forced to retain the services of an attorney to prosecute this action and is therefore entitled to recover attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF

**(Trespass – against Bibte, Mr. Willard, and Mr. Donlan)**

58. Mr. Golden repeats and realleges all the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59. As set forth herein, Bibte, Mr. Willard, and Mr. Donlan have trespassed and continue to trespass upon the Golden Mining Claims by personally, or through their authorized agents, mining materials from the site of the Golden Mining Claims.

60. Each of these invasions constitutes an intentional and unlawful trespass against the Golden Mining Claims because Bibte, Mr. Willard, and Mr. Donlan are aware of the existence of the Golden Mining Claims and their validity.

61. Bibte, Mr. Willard, and Mr. Donlan have caused damages in excess of $75,000.00 based upon their trespass, which includes damages for taking materials that do not belong to them, and defacing and/or attempting to deface the validly constructed monuments on the Golden Mining Claims.

62. Pursuant to NRS 40.180(2), Bibte, Mr. Willard, and Mr. Donlan's bad faith intrusion entitles Mr. Golden to treble the actual damages sustained.

1    63.  Mr. Golden has been forced to retain the services of an attorney to prosecute this
2 action and is therefore entitled to recover attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage – against Bibte, Mr. Willard, and Mr. Donlan)**

64.  Mr. Golden repeats and realleges all the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

65.  As set forth herein, Mr. Golden has prospective relationships with customers who seek to purchase materials from Mr. Golden's website.

66.  Bibte, Mr. Willard, and Mr. Donlan knew of these prospective relationships by virtue of their visiting of the website and contacting Mr. Golden to fake an interest in a partnership with Mr. Golden.

67.  Bibte, Mr. Wllard, and Mr. Donlan have unlawfully interfered with these prospective relationships by filing the Bibte Mining Claims, which are improper mining claims over the Golden Mining Claims after having been shown the location of the site by Mr. Golden.

68.  Bibte, Mr. Willard, and Mr. Donlan's conduct was not legally justified.

69.  Bibte, Mr. Willard, and Mr. Donlan have caused Mr. Golden damages in an amount in excess of $75,000.00 based on their improper interference.

70.  Mr. Golden has been forced to retain the services of an attorney to prosecute this action and is therefore entitled to recover attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

**(Unjust Enrichment – against Bibte, Mr. Willard, and Mr. Donlan)**

71.  Mr. Golden repeats and realleges all the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

. . .

72. Mr. Golden conferred a benefit upon Bibte, Mr. Willard, and Mr. Donlan by showing them the location of the Golden Mining Claims and providing Mr. Willard and Mr. Donlan with materials from the Golden Mining Claims all in furtherance of a proposed partnership arrangement.

73. Bibte, Mr. Willard, and Mr. Donlan have appreciated the benefit of knowing the location of the Golden Mining Claims and the materials by filing the Bibte Mining Claims and by accepting the value of the materials provided by Mr. Golden.

74. Bibte, Mr. Willard, and Mr. Donlan retained these benefits, but did not pay fair compensation to Mr. Golden, for the location of the Golden Mining Claims or for the materials supplied by Mr. Golden.

75. It is inequitable for Bibte, Mr. Willard, and Mr. Donlan to retain these benefits without paying Mr. Golden fair compensation for the same.

76. Mr. Golden has been harmed in an amount in excess of $15,000.00 and likely in excess of $75,000.00 by virtue of this unjust retention by Bibte, Mr. Wilard and Mr. Donlan.

77. Mr. Golden has been forced to retain the services of an attorney to prosecute this action and is therefore entitled to recover attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF

**(Conversion – Against Bibte, Mr. Willard and Mr. Donlan)**

78. Mr. Golden repeats and realleges all the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

79. Bibte, Mr. Willard and Mr. Donlan committed a distinct act of dominion over Mr. Golden's personal property by taking materials located within the Golden Mining Claims.

80. Bibte, Mr. Willard and Mr. Donlan's actions were wrongful and in violation of state and federal law as the mining materials were within the Golden Mining Claims, which are superior to any other claims at that location.

81. Bibte, Mr. Willard and Mr. Donlan's actions were in defiance or denial of Mr. Golden's rights to the materials.

82. Bibte, Mr. Willard and Mr. Donlan's wrongful actions have caused Mr. Golden to suffer additional damages in excess of $75,000.00 in an amount to be determined.

83. Mr. Golden has been forced to retain the services of an attorney to prosecute this action and is therefore entitled to recover attorneys' fees and costs.

**WHEREFORE**, based on the foregoing, Mr. Golden respectfully requested the following:

1. For damages in an amount in excess of $75,000.00;

2. For treble damages as requested herein;

3. For declaratory relief as requested herein;

4. For reasonable attorneys' fees and costs; and

5. For such further relief as the Court deems just and proper.

Dated this _____ day of August 2021.



KNIGHT & RYAN

By:_____
Scott A. Knight, Esq. #9083
Robert A. Ryan, Esq. #12084
2850 W. Horizon Ridge Pkwy., Ste. 200
Henderson, Nevada 89052
*Attorneys for Defendant Dan Golden*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT DAN GOLDEN'S FIRST AMENDED ANSWER AND COUNTERCLAIMS** was submitted electronically for filing and/or service with the United States District Court for the District of Nevada on the ___ day of August, 2021. Electronic service of the foregoing document shall be made in accordance with the CM/ECF E-Service System as follows:

J. William Ebert, Esq.
Lisa J. Zastrow, Esq.
Peter E. Dunkley, Esq.
LIPSON NEILSON, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
bebert@lipsonneilson.com
lzastrow@lipsonneilson.com
pdunkley@lipsonneilson.com
*Attorneys for Plaintiff, Bibte Mining, Inc.*



_____
An employee of Knight & Ryan

Page 17 of 17