UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BIBTE MINING, INC., | Case No. 2:21-CV-1508 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| DAN GOLDEN, | |
| Defendant(s). | |

Presently before the court is the matter of *Bibte Mining, Inc. v. Golden*, case number 2:21-cv-01508-JCM-VCF.

## I.   Background

This case arises from an alleged right to certain mining claims. (ECF No. 1 at 2). Plaintiff Bibte Mining, Inc. ("Bibte"), alleges that defendant Dan Golden ("Golden") has no valid interest in the mining claims and that Golden is removing certain materials from the mining claims' area. (*Id.*). Bibte brings five causes of action, claiming damages in excess of $15,000.00. (*Id.*). Golden timely removed this matter on August 18, 2021. (*Id.*). Golden filed his amended answer along with counterclaims against Bibte on September 8, 2021. (ECF No. 8).

Bibte now moves this court for partial summary judgment (ECF No 15). Consistent with the following, this motion is DENIED as moot, and this matter is REMANDED because the court lacks subject-matter jurisdiction.

## II.   Legal Standard

Federal subject-matter jurisdiction must exist when an action is commenced. *See Morongo Band Mission Indians v. Calif. State Bd. Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). A district court may *sua sponte* raise the issue of lack of subject-matter jurisdiction and

**James C. Mahan**
**U.S. District Judge**

*must* dismiss a case if no subject-matter jurisdiction exists. FED. R. CIV. P. 12(h); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

For a United States district court to have subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1), the parties must be citizens of different states, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.

For the purposes of diversity, the court looks to an individual's citizenship at the time the lawsuit was filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A person is a citizen of the state in which they are domiciled; a person is domiciled where they reside, and intend to remain indefinitely, or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of every state and foreign state where it is incorporated and has a principal place of business or "nerve center." 28 U.S.C. § 1332(c)(1); *Hertz v. Friend*, 559 U.S. 77, 92–93 (2010).

Regarding the requisite amount in controversy, a removing party must prove by a preponderance of the evidence that the jurisdictional threshold is met at the time of removal. *Matheson*, 319 F.3d at 1090. "Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090–91. The court may consider facts in the petition for removal and any "summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Id.* at 1090 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The evidence must support a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

**III.   Discussion**

Golden originally removed this case pursuant to diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). In his petition for removal, he argued that complete diversity exists because he is a resident of California (*Id.* at 3, ¶ 10) and Bibte's complaint asserts that it is a

Nevada corporation (ECF No. 101 at 3, ¶ 1). Golden further alleges that the amount in controversy is more than $75,000.00. (*Id.* at 3 ¶ 11).

While the court finds that diversity of citizenship exists between the parties since they are citizens of different states, the court does not find the amount in controversy met.

In support of his position, Golden directs the court to Bibte's "Request for Exemption from Arbitration" filed in state court, which states: "Upon information, [Bibte's] damages exceed $50,000, and will continue to increase as long as [Golden] continues to unlawfully remove and sell materials…." (ECF No. 1-3 at 3:1–3).

Golden further submits that Bibte's complaint alleges damages "in excess of $15,000" for each of the three claims: (1) the value of the alleged "wrongfully removed and appropriated" property; (2) diminution in value of mining claims; and (3) alleged unauthorized intrusion and removal of property. (ECF No. 1-1 ¶¶ 12, 18, 24, 25). The court finds these damages calculations speculative, conclusory, and insufficient to meet this court's jurisdictional threshold.

Taking the facts in the petition for removal together with Golden's additional evidence, the court does not find that the preponderance of the evidence supports a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Moreover, considerable doubt as to the right of removal exists here, so the court must remand the case. *See Matheson*, 319 F.3d at 1090.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that this matter be, and the same hereby is, **REMANDED to the Eighth Judicial District Court of Clark County, Nevada, Case No. A-21-834670-C.**

The clerk of the court is hereby instructed to CLOSE this case.

DATED August 15, 2022.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -